MAHOR *v.* KANSAS CITY SOUTHERN RAILWAY COMPANY.

Opinion delivered July 12, 1920.

1. RAILROADS — KILLING OF ANIMAL — NEGLIGENCE.—In an action against a railroad company for killing an animal, evidence that the engineer could not see the animal at night because of a curve in the track, and that the fireman was shoveling coal, *held* to sustain a verdict for defendant.

2. TRIAL—INSTRUCTION INVADING JURY'S PROVINCE.—An instruction that if plaintiff's animal was killed by a train, the presumption that the injury was the result of defendant's negligence arises, *and tends to contradict the testimony of the employees that a proper lookout was kept,* was properly modified by striking out the italicized clause, as invading the jury's province.

3. APPEAL AND ERROR—NECESSITY OF OBJECTION TO INSTRUCTION.— Inadvertent error in striking out a word in an instruction in correcting it *held* not available on appeal where there was no request to insert same and the court's attention was not called to it.

4. APPEAL AND ERROR—HARMLESS ERROR.—Where the jury found that defendant was not negligent, an error in an instruction on the measure of damages was harmless.

5.  RAILROADS—INSTRUCTION AS TO NEGLIGENCE.—An instruction as
    to negligence in killing an animal that "if in the darkness it was
    impossible, by reason of the light going in a straight line, or
    other reason, to see the animal on the track, then [neither] the
    engineer nor the fireman would be guilty of negligence by fail-
    ing to see the animal on the track," was not objectionable as be-
    ing too broad by reason of the words "or other reason."

Appeal from Polk Circuit Court; *George R. Haynie,*
Judge on exchange; affirmed.

### STATEMENT OF FACTS.

On September 19, 1918, one of the defendant's pas-
senger engines ran into and killed a steer at Rich Moun-
tain station in Polk County, Arkansas. C. H. Mahor was
the owner of the steer and sued the railroad company to
recover damages.

A witness for the plaintiff testified that he heard
the engine whistle for the station one morning at about
four o'clock and saw it run into and kill the steer. The
steer was standing between the rails about 500 feet north
of the depot and had his head toward the depot. There
was no whistle blown or warning given of the approach
of the train. The train was running about thirty miles
an hour.

According to the testimony of the engineer who was
running the engine on the morning in question, he did not
see the steer and did not know that the engine had struck
him until he was shown a report made by the claim agent.
The engineer was keeping a lookout, but was unable to
see the steer because there was a sharp curve in the track
to the left at the place where the steer was said to have
been struck. The engineer and another witness made a
test on the track at this point, and both of them testified
that they could not see a man standing on the track
where the steer was said to have been killed when the en-
gine approached that point from the south.

According to the testimony of the fireman, he was
busy shoveling coal at the time the steer was said to have
been struck by the engine, and that for that reason he
knew nothing about the occurrence.

The jury returned a verdict for the defendant, and the plaintiff has appealed.

*Arley R. Woodrow,* for appellant.

1.   The verdict is contrary to law.   Kirby's Digest, § 6774, as amended by act No. 61, Acts 1907.   Appellee, having admitted the killing of the animal, the presumption is that the death was due to appellee's negligence, and the burden was shifted to appellee to exonerate the railroad company from the presumption of negligence.   80 Ark. 382; 81 *Id.* 604.   This statutory presumption of negligence is not overcome by the testimony of the fireman that the animal could not have been seen in time to avoid the injury.   85 Ark. 121.

2.   The verdict is contrary to the evidence and the court erred in instructions to the jury.   102 Ark. 386; 90 *Id.* 538.   The evidence is undisputed that the animal could have been seen and the train stopped in time to avoid the injury if a proper lookout had been kept.

*James B. McDonough,* for appellee.

1.   A verdict should have been directed for appellee on the undisputed evidence.   78 Ark. 234; 66 *Id.* 439; 67 *Id.* 514; 89 *Id.* 120.   The court below, under proper instructions, submitted all the issues to the jury and their verdict is conclusive.   112 Ark. 507; 91 *Id.* 383; 102 *Id.* 460.   See, also, 67 *Id.* 263; 34 *Id.* 696; 116 *Id.* 482; 128 *Id.* 479; 4 Crawford's Digest, pp. 4978-4981.   Appellant should have asked proper instructions if those given were not the law.   It is too late now to complain here for the first time.   102 Ark. 386.   See, also, 119 Ark. 295; 63 *Id.* 477; 24 *Id.* 499; 55 *Id.* 588.   Plaintiff's instructions properly refused.   103 Ark. 367; 81 *Id.* 247; 24 *Id.* 586; 18 *Id.* 469.   Where appellee is entitled to a directed verdict, no prejudice could result from giving or refusing any instruction.   123 Ark. 308; 88 *Id.* 189.

2.   There was no error in refusing instruction No. 3.   The instructions must be taken and considered as a whole.   21 Ark. 357; 64 *Id.* 247; 80 *Id.* 19; 87 *Id.* 298; 93 *Id.* 140; 95 *Id.* 209; 97 *Id.* 226; 116 *Id.* 125; 118 *Id.* 337.

If the charge as a whole is correct or free from error, the cause should be affirmed. 124 Ark. 26.

HART, J. (after stating the facts). According to the testimony of the engineer, he was keeping a lookout as the engine approached the point where the steer is said to have been struck by the engine and killed. There was a sharp curve in the track there, and on that account he could not see anything on the track at the point where the steer was killed. A demonstration was made by the engineer at a later date, and he testified that he could not see a man on the track at that point from the engine. His tesimony was corroborated by that of another person who was on the engine with him.

According to the testimony of the fireman, he was busy shoveling coal at the time the steer was killed. The engine was approaching at the time a flag station, and there had been no signal given to stop at the station that morning. Hence the train was running at its regular speed of thirty miles an hour. This testimony was amply sufficient to sustain a verdict for the defendant.

It is next insisted that the court erred in modifying instruction No. 2 given at the request of the plaintiff. The instruction reads as follows:

"You are instructed that if you believe from the preponderance of the evidence that the animal in question was killed by one of the defendant's trains, then the presumption that the injury was the result of the defendant's negligence arises and tends to contradict the testimony of the employees that a proper lookout was kept."

The modification consisted in striking out the words, "arises and tends to contradict the testimony of the employees that a proper lookout was kept."

There was no error in modifying the instruction. It is true the language of the instruction may be found in the opinion in the case of *Fenton* v. *DeQueen & E. Ry. Co.*, 102 Ark. 386, but the court was there discussing a question of law, and the remarks by the court were entirely appropriate. The trial court properly mod-

ified the instruction so as to strike out the language. To have given the instruction without the modification would have been, under our system of practice, an invasion of the province of the jury. It is not the duty of the presiding judge to point out what inferences are made, or should be drawn, from particular facts. This rule is so well settled in this State that a citation of authorities in support of it is unnecessary. The court should have left in the instruction the word, "arises." Doubtless, the presiding judge would have done this, had his attention been called to it. Having failed to do so, the plaintiff is not now in an attitude to complain.

It is next insisted that the court erred in giving an instruction relating to the right of the plaintiff to recover double the value of the steer. We do not deem it necessary to set out this instruction or to discuss it. The jury returned a verdict for the defendant, and for this reason the instruction could not have in any wise prejudiced the rights of the plaintiff.

It is next insisted that the court erred in giving instruction No. 3 requested by the defendant. The instruction reads as follows:

"If the animal was upon the track, and if in the darkness it was impossible by reason of the light going in a straight line or other reason to see the animal on the track, then the engineer nor the fireman would be guilty of negligence by failing to see the animal on the track, provided said animal was in the darkness so that it could not be seen. If the animal was in the darkness by reason of there being a curve, and if, after they have seen it upon the track, it was impossible to avoid the killing, then' and in that event the plaintiff can not recover."

It is insisted that the instruction is too broad, and that under it the defendant would be relieved from all liability if its servants had purposely placed something in front of them to prevent them from seeing the animal on the track, or were looking another way. In making this contention, counsel refers to the words, "or other reason."

We can not agree with counsel in this contention. The instruction must be construed with reference to the facts in the case. The instruction was given to present the defendant's theory of the case. The position of the engineer was on the right-hand side of the cab, and the steer was killed on a sharp curve to the left. The testimony showed that the headlight shone directly in front of the engine in a straight line, and it was the theory of the defendant that on this account the engineer could not see the track at the point where the steer was killed. The words, "or other reason," evidently referred to some fact as shown by the testimony which would prevent the engineer from seeing the track at the place where the steer was killed, and they were doubtless so understood by the jury. It was dark when the accident occurred, and this was one of the facts included in the words, "or other reason." In any event, these words plainly referred to some fact or circumstances introduced in evidence and would be readily so understood by the jury.

There is no prejudicial error in the record, and the judgment will be affirmed.